# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KEVIN-JAMES DONALD GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:11-cv-821-SEB-TAB |
| | ) | |
| ENVIRONMENTAL & COMMUNITY | ) | |
| COURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry and Order Dismissing Action

The plaintiff in this action is Kevin-James Donald Gordon ("Gordon"). The defendants are the Marion County Environmental Court, Animal Care & Control ("Animal Control"), and Amanda Dehoney ("Dehoney")(collectively "defendants"). Gordon sues the defendants based on activities associated with the confiscation and destruction of his dogs. Those activities were undertaken pursuant to the authority given and the orders issued in No. 49F12-1012-OV-051943. The defendants have filed a motion to dismiss. Gordon has responded and the defendants have replied.

The defendants seek dismissal of certain claims for lack of jurisdiction and of other claims for failure to state a claim upon which relief can be granted. In either event, the court may take judicial notice of materials in the public record consisting of filings and rulings in another court and has done so. *520 S. Mich. Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119, 1138 n.14 (7th Cir. 2008), *cert. denied* 130 S. Ct. 197 (2009).

Whereupon the court, having read and explained the amended complaint, the motion to dismiss, the response to the motion to dismiss, and the reply to that response, and being duly advised, now finds that the motion to dismiss must be granted. This conclusion rests on the following facts and circumstances:

1. ASubject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further.@ *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998).

a. Under the *Rooker–Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *Gilbert v. Ill. Bd. of Educ.,* 591 F.3d 896, 900 (7th Cir. 2010). In essence, the doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment." *Id.* The doctrine applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* Therefore, this court has no authority to review or reverse the orders of the state court in No. 49F12-1012-OV-051943. "When the *Rooker–Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction." *Frederiksen v. City of Lockport,* 384 F.3d 437, 438 (7th Cir. 2004).

b. A claim "is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *see also Stotts v. Cmty. Unit Sch. Dist. No.* 1, 230 F.3d 989, 990 (7th Cir. 2000). A claim which is moot must be dismissed for lack of jurisdiction. *Forbes v. Trigg,* 976 F.2d 308, 316 (7th Cir. 1992). In this case, Gordon's claim for injunctive relief is moot because the dogs have been destroyed.

c. The defendants' motion to dismiss [15] is therefore **granted** insofar as through such motion the defendants argue that Gordon seeks to review the decision of the defendant court in No. 49F12-1012-OV-051943 and insofar as Gordon seeks injunctive relief concerning the dogs which have been destroyed.,

2. Gordon's remaining claims are that Dehoney or the City agency by which she is employed acted improperly in entering onto his premises or seizing and disposing of his dogs. His dogs were doubtless property in which he had a protected interest; however, Dehoney's alleged actions did not exceed the boundaries of the actions authorized by the defendant court in No. 49F12-1012-OV-051943, and due process interests are not implicated unless the state fails to provide the machinery whereby the errors or evils complained of can be corrected. *Lynk v. Superior Court of LaPorte County,* 789 F.2d 554 (7th Cir. 1986); *Ellis v. Hamilton,* 669 F.2d 510 (7th Cir. 1982), *cert. denied, Ellis v. Judge of Putnam County Circuit Court,* 459 U.S. 1069 (1982). No claim is made here that Gordon is or was unable to secure appropriate relief from the litigation he complains of in the state courts. The defendants' motion to dismiss [15] as to these claims is also **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/23/2012

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana